Filed 2/18/26  P. v. Turner CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>BRANDI ELAINE TURNER,<br><br>　　Defendant and Appellant. | 2d Crim. No. B336360<br>(Super. Ct. No. 23F-03778)<br>(San Luis Obispo County) |

Brandi Elaine Turner appeals a judgment following her conviction of voluntary manslaughter and several drug offenses for causing the overdose death of a man to whom she sold fentanyl.  (Pen. Code,[1] § 192, subd. (a); Health & Saf. Code, §§ 11352, subd. (a), 11351, 11377, subd. (a).)  Turner was sentenced to seven years in state prison.

Turner contends the trial court erred in imposing a midterm sentence for her voluntary manslaughter conviction

---

[1] All statutory references are to the Penal Code unless otherwise stated.

because it misconstrued section 1170, subdivision (b)(6). Because she endured childhood trauma and sexual and domestic abuse, Turner contends she is entitled to remand so that the trial court can consider a low term sentence. We affirm.

FACTUAL AND PROCEDURAL HISTORY

In October 2022, Quinn Hall sent a message to Turner stating that he had $100 to purchase drugs. On many prior occasions, Hall purchased drugs from Turner; text messages between them reflected sales of fentanyl and methamphetamine from August through October 2022.

In April 2022, Turner and her husband overdosed on drugs containing fentanyl. Fire department personnel found the husband dead at the scene; Turner was admitted to a hospital, treated, and survived. Several times Turner warned Hall that her husband had died from a fentanyl overdose.

On October 26, 2022, Turner and Hall arranged to meet behind an animal shelter where Turner sold Hall baggies of fentanyl and methamphetamine. Hall ingested the drugs and soon died from a fentanyl overdose. When found by a sheriff's deputy, he was lying on the ground behind the animal shelter, clutching narcotics paraphernalia in his hand.

Turner had previously worked as a correctional officer with the Department of Corrections and Rehabilitation for seven years. As part of her law enforcement training, Turner took a drug identification and training course that included information regarding the dangers of fentanyl.

Turner was charged with murder based on her providing Hall with drugs that caused his death (§ 187, subd. (a)) and several controlled substance offenses. The jury convicted Turner of the sale of fentanyl, possession of fentanyl for sale, and

2

possession of methamphetamine for personal use. (Health & Saf. Code, §§ 11352, subd. (a), 11351, 11377, subd. (a).) The jury was unable to reach a verdict on the murder charge, and the court declared a mistrial as to that count. The information was then amended to add count 5, voluntary manslaughter (§ 192, subd. (a)), and Turner pleaded nolo contendere to that charge. The court found true aggravating circumstances that the crime disclosed a high degree of callousness, and the defendant engaged in violent conduct indicating a serious danger to society. (Cal. Rules of Court, rule 4.421(a)(1), (b)(1).) The court found true the mitigating circumstance that Turner had no prior record. (*Id.*, rule 4.423(b)(1).)

At sentencing, Turner asserted that section 1170, subdivision (b)(6)(A) applied and warranted a lower term sentence. She pointed out that she was a drug addict, had been raised by drug-addicted parents, was sexually abused as a child, and suffered domestic violence from her drug-addicted husband. Following her husband's overdose death in 2022, Turner lived with a drug dealer and sold drugs on his behalf.

The trial court rejected Turner's argument. The court acknowledged that she suffered sexual abuse and domestic violence and concluded that it contributed to her addiction, but it did not "contribute[] to the selling of drugs." The court also noted that Turner, as a previous law enforcement officer, received training regarding the dangers of illegal drugs and knew the dangers of fentanyl: "She was trained. And she knew how dangerous it was."

The trial court sentenced Turner to a midterm sentence of six years for the voluntary manslaughter conviction (count 5) and imposed a consecutive one-year term for the possession of

fentanyl for sale conviction (count 3).  It imposed but stayed a four-year sentence for furnishing fentanyl (count 2) and stayed the sentence for misdemeanor possession of methamphetamine (count 4).

## DISCUSSION

Turner asserts that the trial court erred in imposing a midterm sentence for voluntary manslaughter because it misunderstood the meaning of "a contributing factor" when considering the import of her childhood trauma and sexual and domestic abuse.  She contends the trial court erroneously concluded the connection must be substantial or significant, and more than slight.  Turner relies upon principles set forth in *People v. Banner* (2022) 77 Cal.App.5th 226, 241 ("contributing factor" is less than a significant factor) and Couzens et al., Sentencing California Crimes (The Rutter Group 2025) § 12:7.  For this reason, Turner contends a remand is required for resentencing.  We are not persuaded.

Section 1170, subdivision (b)(6) establishes a presumption that the sentencing court should impose a lower term sentence if certain mitigating circumstances were contributing factors in the commission of the crime.  It provides: "[U]nless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶] (A) The person has experienced psychological, physical, or childhood trauma, including but not limited to, abuse, neglect, exploitation, or sexual violence. [¶] . . . [¶] (C) Prior to the instant offense . . . the person is or was a victim of intimate partner violence . . . ."

4

"[T]he trial court is presumed to have acted to achieve legitimate sentencing objectives." (*People v. Fredrickson* (2023) 90 Cal.App.5th 984, 988.) We review a determination under section 1170, subdivision (b)(6) for abuse of discretion. (*Fredrickson*, at pp. 988–989.) We review subsidiary "factfinding" determinations for substantial evidence. (*People v. Oneal* (2021) 64 Cal.App.5th 581, 589 [determination whether mental disorder was significant factor in commission of offense for mental health diversion].)

Here, the trial court correctly construed section 1170, subdivision (b)(6)(A) and (C) when it expressly found that Turner's previous trauma was a contributing factor to her drug addiction but not to the commission of the voluntary manslaughter offense. The trial judge stated: "If contributing factor really means as Retired Judge Couzens opines, however slight, I don't see how you can argue that what she suffered, which clearly she did, contributed to the selling of drugs." The court did not base its ruling on whether the prior trauma was a *substantial* contributing factor, but found instead it did not contribute at all.

We conclude the trial court reasonably concluded there was an insufficient connection between Turner's trauma and abuse and her commission of voluntary manslaughter. The court recognized that Turner's trauma and abuse contributed to her addiction but did not contribute to "this offense."

Voluntary manslaughter requires either an intent to kill or conscious disregard for life. (*People v. Bryant* (2013) 56 Cal.4th 959, 968.) The trial court here acknowledged that Turner did not intend to kill Hall. But the court found that Turner knew it was dangerous to ingest fentanyl because her husband had recently

overdosed on fentanyl, and she had received training on fentanyl as a corrections officer.  Substantial evidence supports the conclusion that Turner's trauma and abuse was not a contributing factor in her reckless act of selling fentanyl when she knew it was dangerous to ingest it, causing Hall's death.  As the trial court aptly stated, Turner "knew that it was dangerous to human life and she deliberately acted with conscious disregard to human life.  That was the basis of the plea, the basis of the conviction."  The court did not abuse its discretion in reaching that conclusion.

The trial court also found that the aggravating circumstances of Turner's crime outweighed the mitigating circumstances.  (*People v. Salazar* (2023) 15 Cal.5th 416, 429 [lower term presumption of § 1170, subd. (b)(6) "can . . . be departed from if 'the aggravating circumstances outweigh the mitigating circumstances [so] that imposition of the lower term would be contrary to the interests of justice' "].)  The court acknowledged the aggravating factors did not "far" outweigh the mitigating factors, but section 1170, subdivision (b)(6) only requires that the aggravating circumstances outweigh the mitigating circumstances so that imposition of the lower term would be contrary to the interests of justice.  (*People v. Lynch* (2024) 16 Cal.5th 730, 771 [citing § 1170, subd. (b)(6)].)  Here, the trial court reasonably concluded it was not in the interest of justice to impose the low term given the aggravating circumstances of Turner's act of selling fentanyl to Hall notwithstanding her knowledge of the lethal danger of ingesting it.  Reversal is not warranted.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

BALTODANO, J.

We concur:

YEGAN, Acting P. J.

CODY, J.

7

Barry T. LaBarbera, Judge

Superior Court County of San Luis Obispo

_____

William G. Holzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and David A. Wildman, Deputy Attorneys General, for Plaintiff and Respondent.